*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *MATTHEW BYRON,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:15-cv-360-GZS* |
| | ) | |
| *HSBC BANK USA, N.A., f/b/o* | ) | |
| *ACE SECURITIES CORP. HOME EQUITY* | ) | |
| *LOAN TRUST, SERIES 2006-NC2, and* | ) | |
| *SELECT PORTFOLIO SERVICING, INC.,* | ) | |
| | ) | |
| *Defendants* | ) | |

## RECOMMENDED DECISION ON MOTION TO SET ASIDE DEFAULT

Defendant Select Portfolio Servicing, Inc. ("SPS") moves to set aside the default entered against it in the Maine Superior Court, Cumberland County, before the action was removed to this court by both defendants (ECF No. 1) on September 1, 2015. For the reasons discussed below, I recommend that the court grant the motion.[1]

### I. Factual Background

The complaint alleges that the plaintiff owns real property in Portland that is encumbered by a mortgage to the New Century Mortgage Corporation dated May 12, 2006. Plaintiff's Complaint for Declaratory, Injunctive and Other Relief ("Complaint") (ECF No. 1-1) ¶¶ 4-5. New Century assigned the mortgage to HSBC on November 12, 2007. *Id.* ¶ 6. SPS acted as the servicer

---

[1] The First Circuit has observed that "[i]t is not clear whether [a] Rule 55(c) motion to vacate [a] default could be regarded as a [non-dispositive] 'pretrial' motion" of the sort that a United States Magistrate Judge may decide, rather than tendering a recommended decision to an Article III judge." *Conetta v. National Hair Care Ctrs., Inc.*, 236 F.3d 67, 74 (1st Cir. 2001). In an abundance of caution, I therefore issue a recommended decision on SPS's motion.

1

of the mortgage.  *Id*. ¶ 7.  A promissory note from the plaintiff to New Century dated May 12, 2006, was alleged to have been assigned to HSBC.  *Id*. ¶ 8.

In the spring of 2014, HSBC began an action to foreclose the mortgage in Maine Superior Court.  *Id*. ¶ 9 & ECF No. 12-2.  As part of that action, HSBC accelerated the promissory note and demanded payment of the entire outstanding principal and accrued interest.  Complaint ¶ 10.  At the close of the trial, the Superior Court entered judgment for the instant plaintiff, who was the defendant in that action.  *Id*. ¶ 11.  HSBC did not appeal from the judgment.  *Id*. ¶ 12.  The plaintiff demanded that HSBC discharge the mortgage but HSBC refused.  *Id*. ¶ 13.

## II. Discussion

A request that a federal court set aside a default entered by a state court before the action was removed to federal court is unusual but not entirely unprecedented.  In *Doustout v. G.D. Searle & Co.*, 680 F. Supp. 49 (D. Me. 1988), Judge Carter of this court granted a motion to set aside a default entered against the defendant in state court after the defendant had placed its notice of removal in the mail, but before it was received by the state court.  *Id.* at 50-51.  The notice of removal was timely filed.  *Id.* at 51.  Judge Carter held that "although the state court did not know it, Defendant was not truly in default when default was entered against him."  *Id.  See also Great Works Props., Inc. v. Perma Roofing, Inc.*, No. 06-72-P-C, 2006 WL 1361219, at *1 (D. Me. May 16, 2006).

The facts are different here, however.  Here, the summons and complaint were served on SPS's agent, Corporation Service Company, on June 25, 2015.  Docket, *Byron v. HSBC Bank, et al.*, Docket No. PORSC-CV-2015-00288, Maine Superior Court (Cumberland County) at 1 (ECF No. 6-1).  A request for entry of default against SPS was filed on July 20, 2015.  *Id*. at 2.  Default was entered that day and copies of the default entry were sent to "parties/counsel."  *Id.*  The notice

of removal was filed in the state court on September 3, 2015. *Id*. The motion to set aside the default was filed in this court on September 11, 2015. ECF No. 7.

When an action in which a default has been entered against a defendant in state court is timely removed to federal court, the federal court treats the state default "as if it were entered by [the federal] court." *Sindi v. El-Moslimany*, Civil Action No. 13-10798-GAO, 2014 WL 1281522, at *2 (D. Mass. Mar. 26, 2014). Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside "for good cause."

> Unlike the more stringent standard of "excusable neglect" applied to a motion for relief from *final* judgments pursuant to Federal Rule of Civil Procedure 60(b), the "good cause" criterion applie[s] to motions to set aside entries of default is more liberal, setting for a lower threshold for relief. This lower threshold is justified by the fact that an entry of default is a clerical act, and not a final judgment issued by the Court. It is also in keeping with the philosophy that, if at all possible, actions should be decided on their merits.

*Great Works*, 2006 WL 1361219 at *1 (citations omitted; emphasis in original).

The First Circuit has identified several factors relevant to a determination concerning whether a motion to set aside an entry of default should be granted:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; . . . (3) whether a meritorious defense is presented[;] . . . (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; [and] (7) the timing of the motion to set aside the entry of default.

*Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010) (citations omitted).

The plaintiff contends that SPS's default was willful merely because it did not "get the complaint to counsel in a timely fashion[.]" Memorandum in Support of Plaintiff's Objection to Defendant SPS' Motion to Set Aside Default ("Opposition") (ECF No. 12-1) at 3. He cites no evidence to support this factual assertion and no authority in support of his legal conclusion. SPS says that it submitted the motion to set aside two days after it had "just reviewed and produced the

state court record in this removed matter of September 9, 2015[,]" Memorandum in Support of Defendant's Motion to Set Aside Entry of Default Against Defendant[] Select Portfolio Servicing, Inc. ("Motion") (ECF No. 7-1) at 2, and that "it only bec[a]me actually aware of the entry of default when it requested, received, and reviewed the state court record to produce in compliance with this Court's order on September 9, 2015." Reply to Plaintiff's Opposition to Defendant[] Select Portfolio Servicing Inc.'s[] Motion to Set aside Entry of Default ("Reply") (ECF No. 14) at 1. This assertion ignores SPS's alleged failure to refer the complaint, once served, to counsel in a timely fashion for filing of an answer. The burden to demonstrate a lack of willfulness rests with the defaulted party, *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 14 (1st Cir. 2003), and SPS has not carried that burden. The first factor does not support setting aside the entry of default.

On the second factor, the plaintiff asserts that he would be prejudiced if the motion were granted because he "has been compelled to expend substantial attorney's fees in dealing with SPS' attempt to avoid the consequences" of its failure to respond to the complaint in a timely fashion. Opposition at 5. SPS responds that the plaintiff has not been prejudiced because "it would be incongruous and inefficient to permit the entry of default to stand against co-Defendant SPS, as it acts as agent for HSBC[.]" Reply at 4-5. Delay alone does not constitute the necessary prejudice. "The issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." *KPS*, 318 F.3d at 15 (quoting *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989)). If he ultimately prevails in this action, the plaintiff may seek to recover the attorney's fees expended in connection with this motion. In any event, he has not demonstrated that any of the types of prejudice considered in connection with this factor by the First Circuit is present in this case. Since co-

4

defendant HSBC has timely answered, and HSBC is the principal and SPS its agent, Complaint §§ 6-7, the plaintiff will be obliged to prosecute this action regardless of SPS's default. Thus, this factor favors setting aside the default.

With respect to SPS's explanation for the default, it has provided none, as discussed. It says that "it only bec[a]me actually aware of the entry of default when it requested, received and reviewed the state court record to produce in compliance with this Court's order on September 9, 2015[,]" Reply at 1, but this statement does not explain why the notice of the entry of default provided by the Superior Court on July 20, 2015, did not make it "actually aware" of that event, or why it could not have filed an answer in the Superior Court between the day when it was served with process, June 25, 2015, and August 31, 2015, when, according to the state court record, it served a notice of appearance and motion to extend its deadline to answer and its answer. ECF No. 6-1 at 2-3. The Superior Court record reveals that, two days after the default against SPS was entered, the plaintiff sought a default against HSBC, but the Superior Court received a letter from HSBC's former agent for service, CT Corporation, stating that it was no longer a registered agent for HSBC. *Id*. at 2. The plaintiff then re-served HSBC, on August 7, 2015, and renewed its motion for default on August 31, 2015, but HSBC's answer (and an answer for SPS) was filed the next day by the same counsel who represent both defendants in this court. *Id*. This suggests that counsel for HSBC and SPS only became aware of SPS's default when entering their appearance for HSBC, but because this explanation has not been tendered by SPS, this factor weighs against SPS, as does the first factor previously discussed.

As to the next factor, neither party has shown that the other has acted in bad faith. The plaintiff contends that SPS has acted in bad faith because "it argues that Plaintiff asserted claims against it in counts 1 through 4 of his Complaint, [which] is simply and demonstrably wrong."

Opposition at 4.  He adds that SPS "knowingly misrepresents Justice Warren's decision in the *HBSC Bank* . . . matter."  *Id.*  The latter assertion is incorrect, as discussed *infra*, and the plaintiff does not address the issue of good faith specifically.  SPS's mention, in its motion, of paragraphs of the complaint included in counts not asserted against SPS is not evidence of bad faith.  This factor favors setting aside the default.

As to the amount of money involved, the plaintiff asserts that "[t]he amount in controversy, insofar as SPS is concerned is minimal[,]" because he offered to settle with SPS for $1,587.00 and attorney's fees.  Opposition at 5.  SPS does not respond to this argument, and the complaint does not specify the amount of damages sought against either defendant.  However, the notice of removal alleges that the amount in controversy in this action is $207,610.00, Notice of Removal of Matter to the United States District Court (ECF No. 1) ¶ 14, although the plaintiff has objected to this allegation, Memorandum of Law in Support of Plaintiff's Motion to Remand (ECF No. 13-1) at 2-3.  This court should not rely on a plaintiff's use of his settlement offer as evidence of the amount of money involved for purposes of a motion to set aside a default.  *See, e.g.,* F. R. Evid. 408.  This factor weighs in favor of SPS.

With respect to the timing of the motion to set aside the default, SPS asserts only that it "submits this motion early in the litigation."  Motion at 2.  The plaintiff does not respond to this assertion.  The motion was filed 10 days after the Notice of Removal and almost immediately after it represents that it became "actually aware" of the Superior Court default.  Under the circumstances, this factor weighs in favor of SPS.

Both parties focus primarily upon the factor requiring that the defaulted defendant have a meritorious defense on the merits of the claim asserted against it.  SPS contends that it "believes it will prevail in this action[,]" because the ruling against HSBC in the Maine Superior Court in its

6

foreclosure action against the plaintiff "did not amount to a full performance of the subject note and mortgage." Motion at 2-3. The plaintiff responds that the state court "specifically ruled that the bank had failed to establish [the plaintiff's] default on the note and entered judgment for him on that basis." Opposition at 4. He relies on *Johnson v. Samson Constr. Corp*., 1997 ME 220, 704 A.2d 866, to argue that, as a result, SPS cannot prevail against him. *Id*. at 3.

The parties appear to agree that Maine law applies to this dispute. They disagree on the substance of applicable Maine law. The question presented here is whether the entry of judgment against HSBC in its foreclosure action against the plaintiff herein extinguishes the debt secured by the mortgage and promissory note.

SPS takes the position that the underlying debt was not satisfied by the entry of judgment in the foreclosure action, citing *Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, 2015 WL 4903711 (Me. Aug. 18, 2015). Motion at 3. If it was not, SPS has a meritorious defense to the complaint's allegations that it has attempted to collect a debt "which has been barred by a final order of the Maine Superior Court in violat[ion] of 9-A M.R.S.[A.] 9-403[1](G)." Complaint ¶ 35.

In the cited case, the bank commenced a foreclosure action, but agreed with the defendants in that action that its notice of default was fatally defective. The trial court granted summary judgment to those defendants, in part, and also dismissed the complaint without prejudice. 2015 ME 116, ¶ 1, 2015 WL 4903711, at *1. The defendants appealed, contending that the trial court erred in dismissing the foreclosure action and granting only partial summary judgment in their favor. 2015 ME 116, ¶ 6, 2015 WL 4903711, at *2. The Law Court held that the entry of summary judgment was correct because the bank's "entire claim was vitiated by its acknowledgement . . . that it would be unable to produce evidence on one of the necessary elements of its claim." *Id*. ¶ 9, *2. The Law Court specifically held "necessarily speculative" the question of the effect of the

summary judgment order "on any future action that [the bank] might initiate to seek the same relief based on the same rights[,]" because the issue would only arise, if at all, in the future; accordingly, there was no actual controversy on this point.  *Id*. ¶ 10, at *3.  This opinion, thus, did not decide the issue presently before this court.

SPS contends that "[t]he issue of whether Defendant can reinitiate a foreclosure action [that is compliant with applicable statutes] remains an unresolved issue in Maine … [a]s is the ability of the Defendant to bring an action on the promissory note itself."  Motion at 3.  It says that "those are not the issues before this Court at this time[,]" because HSBC "is not obligated in any way to discharge the subject promissory note or mortgage."  *Id*.  It supports this conclusion with an argument that no default judgment may be entered by this court pursuant to the  requirement of Maine Rule of Civil Procedure 55(b)(3) that an original or copy of the negotiable instrument upon which relief is sought is filed with the clerk, apparently because the document was not filed with the state court.  Motion at 4.

However, no default judgment has been sought in this action.  In the usual course of events, when entry of default judgment is sought by a plaintiff, this court will schedule a hearing at which the negotiable instrument at issue could be offered as evidence.  Assuming that the cited state rule of civil procedure would be applicable to the entry of default judgment by this court, this argument does not support the defendant's position.

The plaintiff responds that the promissory note and the mortgage do not survive the state-court summary judgment, citing *Johnson*.  Opposition at 3.[2]  In that case, the plaintiff initiated a foreclosure action against the defendant which the court dismissed for failure to file a report of

---

[2] I do not rely on the plaintiff's citation of *Jeannine Thompson v. BAC Home Loans Servicing,* 2011 Me.Super. LEXIS 76 (Apr. 7, 2011).  Opposition at 2 n.1.  The opinion consists of three short paragraphs that do not provide enough detail to allow comparison with the instant case.

conference of counsel.  1997 ME 220, ¶ 3, 704 A.2d at 868.  Months later, the plaintiff again filed

an action, seeking the same judgment.  *Id*. ¶ 4, 868.  The defendant argued that the second

complaint was barred by res judicata.  *Id*.  Because the first complaint sought payment of the entire

amount due, invoking the note's acceleration clause, the Law Court held that

> [o]nce [the plaintiff] triggered the acceleration clause of the note and the
> entire debt became due, the contract became indivisible.  The obligations to
> pay each installment merged into one obligation to pay the entire balance
> on the note.  The court's dismissal with prejudice of the first action operated
> "as an adjudication on the merits.

*Id*. ¶ 8, 869 (citations omitted).

SPS contends that *Johnson is* distinguishable.  Reply at 2.  Its argument is less than clear,

but apparently it argues that one of the two actions involved a separate count for action on the

promissory note while the other merely sought foreclosure of the mortgage.  *Id*. at 2-3.  SPS offers

no authority in support of its position, nor has it provided a copy of the complaint in *Johnson*.  On

the showing made, the distinction appears to be one without a difference.

SPS next suggests that this court must reject *Johnson* because it "was predicated on a

decision which has since been overturned."  Reply at 3.  It is true that the Law Court cited *Stadler*

*v. Cherry Hill Developers, Inc.*, 150 So.2d 468 (Fla. Dist.Ct.App. 1963), as one of two persuasive

opinions from jurisdictions other than Maine, and that *Stadler* has since been rejected on this point

by a higher state court, *Singleton v. Greymar Assocs.*, 882 So.2d 1004, 1006-07 (Fla. 2004), but

the *Johnson* decision was not "predicated" on *Stadler*.  Nor should this court presume that the Law

Court will overrule *Johnson* at some time in the future, merely because the Florida Supreme Court

does not agree with it.  *See, e.g., Granja Planalto v. Ohio Cas. Ins. Co.*, No. 07-142-P-H, 2008

WL 2116608, at *10 (D. Me. May 19, 2008).

Finally, SPS argues that the *Johnson* opinion cannot reasonably be interpreted to hold anything other than that a second foreclosure action is barred, not that the note and mortgage are discharged. Reply at 3. Expanding on this argument, SPS contends that, because the mortgage and the promissory note are separate documents, they are "separately enforceable contracts; and one can survive without the other." Reply at 4. If, as the authority cited by SPS suggests, a mortgage may still exist after liability on the promissory note has been discharged or otherwise eliminated,[3] it is not clear how SPS could collect on the mortgage from the promissor, who would no longer have any personal liability.

The likelihood of success on the merits is the most important factor in the analysis of motions to set aside entries of default. On the showing made, I cannot conclude that the defense proffered by SPS is not meritorious, as neither side has cited definitive Maine law, or even persuasive law from other jurisdictions, on point. A meritorious defense, after all, is not necessarily one that will ultimately win the day. *Sunbelt Rentals, Inc. v. Corbridge*, No. 00-363-P-H, 2001 WL 243486, at *4 (D. Me. Mar. 12, 2001) (meritorious defense for setting aside default does not require demonstrating likelihood of success on merits).

While SPS's failure to provide an explanation for its default weighs against it, it should not be prevented from reaching an adjudication on the merits for that omission alone. The motion to set aside the default should be granted.

---

[33] It is clear that the underlying Superior Court decision in this case at least dealt with liability on the promissory note. *HSBC Bank* (ECF No. 12-2) at 1-2.

10

### III. Conclusion

For the foregoing reasons, I recommend that SPS's motion to set aside the default granted

by the Maine Superior Court be **GRANTED.**[4]

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of January, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] I note that the plaintiff has moved to remand this action to state court based on the same argument that he makes here.  Memorandum of Law in Support of Plaintiff's Motion to Remand (ECF No. 13-1) at 2-3.  The court should not act on the motion to remand until the motion to set aside the default has been finally resolved.  The same is true of SPS's Motion for Leave to Amend its Answer and Counterclaims (ECF No. 19), which SPS claims seeks only to make the same changes made by defendant HSBC without objection from the plaintiff.  Defendant[] Select Portfolio Servicing, Inc.'s Reply to Plaintiff's Objection to Motion to Amend (ECF No. 24) at 1-2.