UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW BYRON, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>HSBC BANK USA, NA, and SELECT )<br>PORTFOLIO SERVICING, INC., )<br>)<br>    *Defendants* ) | No.  2:15-cv-360-GZS |

### RECOMMENDED DECISION ON MOTION FOR DETERMINATION THAT COUNTERCLAIMS ARE SUBJECT TO 14 M.R.S.A. § 6321-A

The plaintiff has filed a motion entitled "Plaintiff's Motion for a Determination That Defendants' Counterclaims Are Counterclaims for Foreclosure and Therefore Subject to the Requirements of 14 M.R.S.[A.] § 6321-A" ("Motion") (ECF No. 50), which has been referred to me.  The motion seeks a declaration that Counts II through V of the defendants' counterclaims "plead claims for foreclosure of Plaintiff's mortgage given to Defendant HSBC's predecessor in interest and that as such [they] are subject to the mandatory mediation requirements of 14 M.R.S.[A.] § 6321-A and Maine Law." *Id.* at 6.  The defendants have already agreed to mediation in this action, Defendant[s'] Response to Plaintiff's Request for Mediation (ECF No. 31), but because the plaintiff's claim and the defendants' counterclaims are distinct actions, I recommend that the court deny the plaintiff's motion. [1]

---

[1] If the court adopts my recommendation, the plaintiff's motion for mediation (ECF No. 27) will be moot.

1

## I. Factual Background

The complaint in this action, removed by the defendants from the Maine Superior Court (Androscoggin County), seeks a judgment discharging a mortgage that encumbers real property owned by the plaintiff, following entry of judgment for the plaintiff in an earlier state court action brought by HSBC for foreclosure of the mortgage. The complaint herein also seeks damages for certain alleged violations of the Maine Unfair Trade Practices Act, as well as punitive damages. Complaint (ECF No. 1-1).

The defendants have filed answers and counterclaims that are identical in all respects relevant to the instant motion. Amended Answer of Defendant [HSBC Bank USA, National Association] and Counterclaims (ECF No. 18) & Amended Answer of Defendant [Select Portfolio Servicing, Inc.] and Counterclaims (ECF No. 20). I will refer to the counterclaims at issue as if they were presented in a single document.

Count II of the defendants' counterclaims alleges that the plaintiff has breached the promissory note that was secured by the mortgage at issue. Counterclaims ¶¶ 22-30. Count III alleges breach of the contract represented by the promissory note. *Id*. ¶¶ 31-42. A second Count III seeks recovery in quantum meruit. *Id*. ¶¶ 43-47. Count IV seeks recovery for unjust enrichment. *Id*. ¶¶ 48-52. Count V seeks a writ of assistance under the All Writs Act, 28 U.S.C. § 1651, authorizing a law enforcement agent to execute any judgment against the property that was the subject of the mortgage. *Id*. ¶¶ 53-56.

## II. Discussion

The plaintiff contends that Counts II through V of the defendants' counterclaims actually constitute one or more foreclosure actions, which cannot be brought as counterclaims, and which are governed by 14 M.R.S.A. § 6321-A. Motion at 3. As evidence, he proffers a comparison of

the counterclaims with HSBC's complaint in its unsuccessful, earlier foreclosure action in state court. *Id*. at 4.  He asserts that the defendants sued on both the mortgage and the related note in the state court action and cannot now recover here on either, by the terms of the Maine statute governing foreclosures. *Id*. at 5.

In the alternative, the plaintiff asserts that the counterclaims are barred by *Johnson v. Samson Constr. Co.,* 1997 ME 220, 704 A.2d 866, Motion at 5-6, although he appears to acknowledge that this issue is not before the court in connection with the pending motion, stating that "[a]t the appropriate time the Plaintiff will file Rule 56 motions to deal with that." *Id.* at 6.[2]

For purposes of the present motion, however, the similarities between the state-court foreclosure complaint and the counterclaims pleaded in this action are not the determining factor. In *Bar Harbor Bank & Trust v. The Woods at Moody, LLC*, 2009 ME 62, 974 A.2d 934,[3] the Maine Law Court rejected the argument that the election of a holder of a mortgage secured by a promissory note to proceed with a foreclosure action extinguishes any claim on the promissory note. 2009 ME 62 ¶¶ 10-11, 974 A.2d at 937-38.  That is the argument made here by the plaintiff, and it must accordingly fail.  *See also Johnson v. McNeil*, 2002 ME 99, ¶ 9, 800 A.2d 702, 704 (mortgagee may bring foreclosure action even if action on related note barred by statute of limitations).

Many of the factual allegations in a complaint in an action on a note that secures a mortgage will be similar or even identical to those in a complaint in an action to foreclose the mortgage.

---

[2] The defendants spend some time and effort contesting this argument, Defendants['] Opposition to Plaintiff's Motion [] For a Determination That Defe[]n]dants' Counterclaims are Counterclaims for Foreclosure and Therefore Subject to the Requirements of 14 M[.]R[.]S[.A.] § 6321-A ("Opposition") (ECF No. 51) at 4-5, and the plaintiff submits a riposte, Plaintiff's Reply to Defendants' Opposition to Motion For a Determination that the Defendants' Counterclaims Are Counterclaims for Foreclosure ("Reply") (ECF No. 52) at 2-3.  However, I take the plaintiff at his word and do not consider these arguments at this time.

[3] I note that *The Woods* was decided 12 years after *Samson,* on which the plaintiff relies in his alternate theory, which he does not press here.

Under Maine law, which is applicable here, the two actions are distinct, however, and provide different remedies. The plaintiff's motion should be denied.

### III. Conclusion

For the foregoing reasons, I recommend that the court **DENY** the plaintiff's motion. If the court adopts my recommendation, the plaintiff's motion for mediation (ECF No. 27) will be **MOOT.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of July, 2016.

          /s/ John H. Rich III
          John H. Rich III
          United States Magistrate Judge